IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL KLIMEK, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-09-345-D |
| PAUL A. KASTNER, Warden, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Mr. Michael Klimek is a federal inmate who seeks habeas relief based on a facial challenge to a rule issued by the Bureau of Prisons ("BOP"). According to the Petitioner, the agency failed to articulate a rationale when it adopted a rule in 2000 to disallow early release for any federal prisoner convicted of weapon offenses.[1] Fifteen days before Mr. Klimek filed the habeas petition, however, a new rule went into effect. In light of the new rule, the Respondent moves for dismissal and argues in part that the action is moot. The motion should be granted.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction."[2] An action becomes moot when the court cannot grant "any effectual relief whatever" to a prevailing party.[3]

---

[1] Petition for Habeas Corpus 28 U.S.C. § 2241 at p. 1 (Mar. 31, 2009) ("Petition").

[2] *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted).

[3] *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

The Petitioner does not dispute the BOP's authority to exclude from early release those inmates with convictions involving firearms or explosives.[4] Instead, Mr. Klimek alleges that the BOP violated the Administrative Procedure Act in promulgation of the 2000 rule.[5] According to the Petitioner, the BOP failed to identify relevant factors, articulate the rationales, and explain the exercise of discretion.[6]

The 2000 rule was replaced with a new rule that went into effect on March 16, 2009.[7] Because the 2000 rule is no longer in effect, its alleged infirmities could not justify issuance of habeas relief for Mr. Klimek.

The Tenth Circuit Court of Appeals addressed a similar issue in *Wyoming v. United States Department of Agriculture*, 414 F.3d 1207 (10th Cir. 2005). There a number of environmental groups claimed that the Forest Service had issued a rule in violation of federal statutes.[8] The federal district court agreed and set aside the rule under the Administrative Procedure Act.[9] During the pendency of the appeal, the Forest Service issued a new rule

---

[4] *See* Petition, *passim*; *see also id.* at p. 8 (noting that if the BOP had supplied the necessary explanations, the rule "in all likelihood would have withstood judicial scrutiny").

[5] *See* Petition at pp. 5-10.

[6] *See* Petition at pp. 6-10.

[7] *See* Rules and Regulations, Department of Justice, Bureau of Prisons - Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 FR 1892-01, 2009 WL 76657, *et seq.* (eff. Mar. 16, 2009); 28 C.F.R. § 550.55 (2009).

[8] *See Wyoming v. United States Department of Agriculture*, 414 F.3d at 1211.

[9] *See Wyoming v. United States Department of Agriculture*, 414 F.3d at 1211.

replacing the one that had been invalidated in the federal district court.[10] The Tenth Circuit Court of Appeals held that the action became moot with issuance of the new rule.[11] The court explained:

> The portions of the Roadless Rule that were substantively challenged by Wyoming no longer exist. Moreover, the alleged procedural deficiencies of the Roadless Rule are now irrelevant because the replacement rule was promulgated in a new and separate rulemaking process.[12]

Under *Wyoming v. United States Department of Agriculture*, the action is moot.[13] Like the rule being challenged there, the BOP's 2000 version of the rule is no longer in force. As a result, the alleged infirmities in the 2000 version have no bearing on Mr. Klimek's eligibility for early release.

In the petition, Mr. Klimek acknowledges that he has not yet entered the Residential Drug Abuse Program.[14] And the new rule, rather than the prior version being challenged,

---

[10]  *See Wyoming v. United States Department of Agriculture*, 414 F.3d at 1211.

[11]  *Wyoming v. United States Department of Agriculture*, 414 F.3d at 1212-13.

[12]  *Wyoming v. United States Department of Agriculture*, 414 F.3d at 1212 (citations omitted).

[13]  The court also addressed a similar issue in *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Commission*, 680 F.2d 810 (D.C. Cir. 1982). There the court held that a claim was moot because the petitioner was challenging a prior rule rather than the newest version that was then in effect. *Natural Resources Defense Council, Inc. v. United States Nuclear Regulatory Commission*, 680 F.2d at 814-15. The court added: "In effect, [the petitioner] seeks a declaration from this court that the initial promulgation of the rule was unlawful, an advisory opinion which federal courts cannot provide." *Id.*

[14]  In the habeas petition, Mr. Klimek alleges:

> The petitioner asks this court to grant petition for his ability to be admitted to the Residential Abuse Program, and be afforded the early release under §3621(e), as

would apply to any future effort by Mr. Klimek to gain entry into the drug treatment program.[15] As a result, invalidation of the prior rule could not affect Mr. Klimek's eligibility for the program or for early release.[16] Because Mr. Klimek has challenged an obsolete rule, the habeas claim is moot and the Court should grant the Respondent's motion to dismiss.[17]

The Petitioner can object to this report and recommendation. To do so, Mr. Klimek must file an objection with the Clerk of this Court by August 20, 2009.[18] The failure to timely object would foreclose appellate review of the suggested ruling.[19]

The referral is terminated.

---

      intended by congress. The petitioner states that he is being, or has been denied this program . . . .

Petition at p. 11.

[15] *See Heckman v. Smith*, 2009 WL 1841593, Westlaw op. at 2 (C.D. Ill. June 24, 2009) (unpublished op.) ("The new regulation applies to anyone whose clinical interview (to qualify for participation in RDAP) occurs on or after March 16, 2009.").

[16] The new rule continues to disallow early release for persons convicted of weapon offenses. 20 C.F.R. § 550.55(b)(5)(ii) (2009). But the BOP supplied the rationales that had been absent in the earlier version. *See* Rules and Regulations, Department of Justice, Bureau of Prisons, 74 F.R. 1892, 1895, 2009 WL 1892, 1895 (eff. Mar. 16, 2009).

[17] *See Carter v. Smith*, 2009 WL 856305, Westlaw op. at 2 (C.D. Ill. Mar. 30, 2009) (unpublished op.) (stating that a habeas claim, based on the invalidity of BOP's Program Statement 5162.04 "is now moot, as the BOP has now enacted a new regulation, codified as 28 C.F.R. part 550, which applies to inmates like [the petitioner] whose clinical interview to qualify for participation in RDAP occurs after March 16, 2009").

[18] *See* W.D. Okla. LCvR 72.1.

[19] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Entered this 30th day of July, 2009.

                                                                  *[signature]*
                                                                  ROBERT E. BACHARACH
                                                                  UNITED STATES MAGISTRATE JUDGE